UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-12145-MJJ |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 130.44.114.10, ) | |
| ) | |
| Defendant. ) | |

PROTECTIVE ORDER

August 15, 2025

JOUN, D.J.

      On July 31, 2025, Strike 3 Holdings, LLC ("Plaintiff") filed the instant action against a John Doe defendant identified only as a "subscriber assigned IP address 130.44.114.10" ("Defendant"). [Doc. No. 1]. On August 14, 2025, Plaintiff sought leave to serve a third-party subpoena on Astound Broadband LLC prior to a Rule 26(f) conference, pursuant to Fed. R. Civ. P. 26(d)(1) and 45, seeking to obtain the name and physical address of Defendant. [Doc. No. 7]. In its memorandum in support of its motion, "mindful of a defendant's privacy interests," [Doc. No. 8 at 4], Plaintiff notes that "courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed pseudonymously." [*Id.* at 9]. Indeed, this Court and other courts within this District have granted such safeguards in other cases brought by Plaintiff. *See Strike 3 Holdings, LLC v. Doe*, No. 23-cv-11921-MJJ, Doc. No. 9 (D. Mass. Sept. 11, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-11920-IT, Doc. No. 8

(D. Mass. Sept. 6, 2023); *Strike 3 Holdings, LLC v. Doe*, No. 23-cv-11721-WGY, Doc. No. 8 (D. Mass. Sept. 5, 2023); *Strike 3 Holdings, LLC v. Doe*, 23-cv-10557-MPK, Doc. No. 11 (April 11, 2023). I find the following protective order appropriate.

Pending further order of the Court,

1. Defendant is granted leave to proceed pseudonymously. If Defendant, or Defendant's counsel, file any document in this case, they shall first file under seal a notice of appearance, identifying Defendant by name. All subsequent filings may use the pseudonym John Doe.

2. Plaintiff shall not use John Doe's name, physical address, or any other identifying information, other than John Doe's IP address in any court filings or any communications with any third parties. Plaintiff may use John Doe's name, physical address, or other identifying information only in communications directed solely to John Doe or John Doe's counsel.

3. Plaintiff may only use the information disclosed in response to the Rule 45 subpoena served on Astound Broadband LLC for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. [Doc. No. 1].

SO ORDERED.

/s/ Myong J. Joun  
United States District Judge